**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 1, 2022[*]
Decided April 4, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-2347

| | |
|---|---|
| MARLON T. YOUNG,<br>*Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-cv-1352-bhl |
| SANDRA McARDLE,<br>*Defendant-Appellee.* | Brett H. Ludwig,<br>*Judge.* |

**O R D E R**

Marlon Young, a Wisconsin prisoner, sued nurse practitioner Sandra McArdle for being deliberately indifferent to his leg pain, in violation of his rights under the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Eighth Amendment. *See* 42 U.S.C. § 1983. The district court entered summary judgment for McArdle based on the conclusion that she exercised reasonable medical judgment in treating Young. Because there is no evidence that McArdle provided constitutionally deficient treatment, we affirm.

We describe Young's medical care based on the undisputed facts at summary judgment, viewed in the light most favorable to him. *Lockett v. Bonson*, 937 F.3d 1016, 1022 (7th Cir. 2019). On March 22, 2019, Young, a diabetic dealing with chronic pain, felt a pop in his right leg, resulting in "excruciating pain" that led him to submit an emergency medical-care request. In response, two registered nurses evaluated Young at his cell the same day. They consulted with McArdle (who was on call at the time) by phone and instructed Young to take pain medication and offered him a knee wrap. But Young clarified that he felt pain in his leg, not his knee, so the nurses called McArdle again, and she recommended an extra pillow. The nurses told Young that McArdle would see him for a follow-up appointment on March 26. But the morning of the appointment, McArdle rescheduled it for April 15, erroneously noting that Young had been seen on March 15 "for the same complaint." At the rescheduled appointment in April, McArdle observed that Young arrived without using a mobility aid and refused to perform mobility tests. She extended the existing order for pain medication, ice, and extra pillows; prescribed capsaicin cream; taught Young to apply a warm compress followed by stretching; and ordered physical therapy. In June 2019, an X-ray showed that Young had only mild osteoarthritis in his right hip.

Young sued the two responding nurses, the warden, and McArdle under 42 U.S.C. § 1983 for deliberate indifference to his leg pain. At screening, the district judge allowed Young to proceed against only McArdle, reasoning that he failed to state a claim against the other defendants. Young responded by asking the judge to appoint counsel, arguing that his case was complex. But the judge declined the request, finding that Young had not explained why he could not competently litigate the case.

McArdle then moved for summary judgment. She argued that Young had not exhausted all available administrative remedies for his claims and that he otherwise failed to show that he suffered an objectively serious medical condition to which she was deliberately indifferent. The district judge granted McArdle's motion. The judge concluded that although Young exhausted his available remedies and a jury could decide that Young's leg pain was objectively serious, there was no genuine dispute that McArdle responded appropriately.

On appeal, Young first argues that the district court erred in denying his motion for recruited counsel. We review the district court's denial of the motion for counsel for an abuse of discretion. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

Young maintains that he needed counsel because his case involves complex medical issues, and counsel would have found an expert witness to testify that McArdle's actions fell outside the range of accepted professional judgment. But the district court applied the proper legal standard, *see id.*, and determined that the case was not too complex for Young to effectively represent himself. We see no error in the court's assessment. While "constitutional claims involving the defendant's state of mind … may entail meaningful complexity," *Perry v. Sims*, 990 F.3d 505, 513 (7th Cir. 2021), Young has demonstrated the ability to litigate his relatively straightforward case. Young's filings present cogent arguments, reflecting his understanding of the deliberate-indifference standard, the facts, and the information in his medical records. Further, Young never argued before the district court that he needed counsel to obtain an expert witness, so that argument is waived. *See Mahran v. Advoc. Christ Med. Ctr.*, 12 F.4th 708, 713 (7th Cir. 2021).

Young next argues that summary judgment was improper. He contends that the district court erred in concluding that McArdle did not disregard his serious medical condition. Because McArdle provided no sworn evidence regarding her state of mind when treating him, Young says, the district court did not have sufficient information to make a determination at summary judgment.

We review the decision to grant a motion for summary judgment de novo. *Lockett*, 937 F.3d at 1022. A medical provider's choice of treatment violates the Constitution when "no minimally competent professional would have so responded under those circumstances." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

Here, no reasonable jury could find that McArdle deliberately ignored Young's leg pain, even in the absence of sworn evidence about McArdle's state of mind. While on call on March 22, McArdle approved treatments including a wrap, an extra pillow, and pain medication. To be sure, McArdle rescheduled the March 26 appointment based on her erroneous conclusion that Young already had been seen on March 15 for his leg pain. But McArdle rescheduled the appointment for less than three weeks later, and at that visit, she provided additional treatments, including capsaicin cream, a heated compress, and a referral to physical therapy. She also ordered X-rays in June, which revealed only mild arthritis in Young's right hip.

Far from ignoring Young's concerns, McArdle approved numerous treatments over the course of several weeks to alleviate Young's pain and pinpoint its cause. *See Wilson v. Adams*, 901 F.3d 816, 821–22 (7th Cir. 2018) (affirming summary judgment where "totality" of care did not show deliberate indifference). There is no evidence that McArdle's approach significantly deviated from appropriate medical judgment. *See Pyles*, 771 F.3d at 409. Moreover, Young has not shown that the short delay between March 26 and April 15 worsened his injury or caused him unnecessary pain. *See Wilson*, 901 F.3d at 822 (explaining that claim involving delayed treatment requires showing that the delay "exacerbated the injury or unnecessarily prolonged pain"). The delay was minimal, it afforded the treatments prescribed on March 22 an opportunity to take effect, and Young's underlying condition was not serious.

We make two final observations. First, throughout Young's brief, he erroneously refers to Maxim Physician Resources as a defendant. Young did not sue Maxim Physician Resources, and it has not participated in this case. Second, Young asks that we review, what he calls, his state-law medical-negligence claims. But, to the extent Young ever raised claims along those lines, he abandoned them in his amended complaint, and he does not argue that the district court erred by not addressing them.

AFFIRMED